## IN THE MATTER OF CHARLES FRANK MURRAY, ATTORNEY-AT-LAW.

Argued April 21 and May 5, 1958—Decided May 26, 1958.

142

*Mr. David F. Greenberg* argued the cause for the committee.

*Mr. Charles Frank Murray, pro se.*

PER CURIAM. The Camden County Ethics and Grievance Committee filed two presentments against the respondent, Charles Frank Murray, a member of the bar of this State. The first reported the conclusion of the committee that Murray had received into his possession certain moneys as trust property for which he failed to account promptly. The second was based on a finding that Murray had received certain moneys from a client, one James A. Hammond, between June 29 and September 21, 1956, on account of his fee in connection with a divorce action to be brought on behalf of Hammond. The committee found also that thereafter, despite his assurances that the case was proceeding satisfactorily, he had failed to take any action toward instituting the suit. In each instance the committee recommended disciplinary action.

At the time of the first presentment respondent had been indicted by the Camden County grand jury for the embezzlement of the moneys referred to, and was awaiting trial. He was tried and convicted on May 15, 1957, of embezzling $858.45 during November and December 1956, from the National Express Company. A sentence of one to two years in New Jersey State Prison and a fine of $200 was imposed. The prison term was suspended.

■ Action by this court in the disciplinary proceedings was withheld pending the prosecution of a motion for a new trial and because of a representation that an appeal would be taken. The motion was denied ultimately and the appeal was never pursued. At the first argument before the court respondent made oral assertions of fact with respect to the merits of the embezzlement charge against him which were not in the record of the testimony adduced before the committee. Whereupon he was advised that any such assertions should be presented under oath and served upon the committee. Subsequently, a statement was presented, not under oath, which in substance re-asserted his innocence and attacked the credibility of the witnesses on whose testimony he had been convicted at the criminal trial. No influence can be given to these assertions, nor can they affect the force of the conviction.

■ We have examined the testimony given in support of the Hammond charge. Respondent did not appear at that hearing. Nor did he ever thereafter ask to be heard thereon by the committee. The evidence presented is entirely adequate to demonstrate that he accepted installment payments from Hammond under an agreement to institute a divorce action, that he repeatedly assured his client that the suit had been brought and was pending, and that no such action was ever brought.

■ Accordingly, both reports of the committee are confirmed and respondent is adjudged guilty of unprofessional conduct warranting discipline. He is suspended from the practice of law for a period of two years from the date hereof, and until the further order of this court.

*For suspension for two years*—Chief Justice WEINTRAUB, and Justices HEHER, WACHENFELD, BURLING, JACOBS, FRANCIS and PROCTOR—7.

*Opposed*—None.